## Harris v. Dotson.

(Decided October 8, 1912.)

### Appeal from Floyd Circuit Court.

Partnership—Action for Settlement—Finding of Chancellor—Sufficiency of Evidence.—In an action for a settlement of a partnership, evidence examined and held to sustain the finding of the chancellor in favor of the plaintiff.

MAY & MAY for appellant.

JOHN C. HOPKINS, JR., for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, E. S. Dotson, brought this action against defendant, E. J. Harris, for the settlement of a partnership growing out of certain timber transactions in Floyd County, Kentucky. The defendant claimed by answer to have paid plaintiff more than was due him, and counterclaimed for the excess. Upon a final hearing, the chancellor found that upon a fair settlement of the partnership defendant was indebted to plaintiff in the sum of $188.36, with interest from the 11th day of October, 1910, and entered judgment accordingly. Defendant appeals.

The record discloses the following facts: Prior to the month of March, 1910, Keen Burchett and plaintiff, Dotson, as partners, bought a lot of timber standing on the lands of Flem Burchett on Cow Creek in Floyd County. The contract of sale limited the time in which the timber was to be removed. Later John Bud Harris purchased the interest of Keen Burchett in the partnership timber. Just a short time before the time for removing the timber expired, John Bud Harris sold his interest to defendant, E. J. Harris. Before defendant's

purchase, John Bud Harris had by a separate agreement contracted with plaintiff to cut and haul his half of the timber to the mouth of Cow Creek, and plaintiff had agreed to pay him therefor at the rate of fifteen cents a cube. After defendant bought John Bud Harris' interest in the timber, he agreed with said Harris to haul the timber from the pits on Cow Creek to the Big Sandy River at the mouth of Cow Creek at four cents a cube. For all of the timber, including $30 worth of timber, which it is practically admitted belonged to plaintiff, appellant received $1,981.91. Of the expenses incurred, defendant, E. J. Harris, paid $286.56, while E. S. Dotson paid $54.75. Of the sum received by defendant, he paid to plaintiff $600 in cash. Among the credits claimed by defendant are $45.86 for hauling cross-ties, $15 for hauling 6,000 feet of lumber, $2.25 for chain dogs, $255.95, the proceeds of a raft of lumber purchased of Bart Garrett, and $135.62, the price for hauling plaintiff's timber at four cents a cube. The chancellor rejected defendant's claim that the Bart Garrett raft was his individual property, and also rejected the item of $135.62. The other credits asked for were allowed.

In addition to the question whether or not the court made a proper calculation of the amount due, based upon his finding of facts, the main questions involved on this appeal are whether or not the Bart Garrett raft was partnership property, and whether or not defendant is entitled to a credit of $135.62 for hauling plaintiff's timber. According to the evidence for plaintiff, he first approached Bart Garrett for the purpose of purchasing the raft of timber in question. Garrett priced it to him at 20 cents a cube. After the partnership was formed between plaintiff and defendant, he reported this fact to defendant; whereupon defendant suggested that they buy it together, stating at the time that he could buy it at 19 cents a cube. Plaintiff told him that as they were partners in the oak (meaning the timber which they had previously bought), they could buy it and run it with the other timber. Defendant then purchased the raft of Garrett at the price of 19 cents a cube, and this timber was marketed along with the timber theretofore purchased. Bart Garrett testified that he priced it to plaintiff at 20 cents a cube, but that plaintiff never returned, and he therefore sold it to defendant at 19 cents a cube. Defendant denies the testimony of plaintiff, and claims

that he purchased the raft on his own account. Upon this question we are unable to say that the evidence does not support the finding of the chancellor.

As to the item of $135.62 for hauling plaintiff's timber, the evidence shows that John Bud Harris had by separate contract agreed to cut, pit and haul plaintiff's half for 14 cents a cube. John Bud Harris contracted with defendants to do the hauling for four cents a cube. Plaintiff swears that he paid John Bud Harris in full for cutting, pitting and hauling the timber. Harris admits that plaintiff had paid him a large part of the amount due, but says that he does not know whether on a proper settlement plaintiff would owe him or he would owe plaintiff. Defendant testifies that John Bud Harris employed him to do the hauling, and agreed to pay him four cents a cube, which was to be deducted from the amount due plaintiff. It nowhere appears, however, that plaintiff consented to the arrangement between John Bud Harris and defendants. The weight of the evidence is to the effect that plaintiff paid John Bud Harris all that was due him. Certainly John Bud Harris could not, without the consent of plaintiff, impose upon the plaintiff an obligation to pay defendant for hauling plaintiff's part of the timber, especially in view of the fact that plaintiff had already paid John Bud Harris for the same service. In such a case, the defendant must look for payment to John Bud Harris, with whom he contracted. We, therefore, conclude that the rejection of this item was proper.

It remains to be determined whether or not the amount found to be due by the chancellor is correct. It is admitted that the proceeds of all the timber amounted to $1,981.91. It is admitted that of this amount $30 was for timber belonging to plaintiff individually. Deducting this amount from the total proceeds, we have left $1,951.91. Of this sum plaintiff and defendant are each entitled to one half, or $975.95, subject to the equalization of expenses and various credits fixed by the court. It appears that of the expenses plaintiff paid $54.75, and defendant $286.56, making the total expenses $341.31. Of this amount each should pay one half, or $170.65. As plaintiff paid only $54.75, it follows that he should be required to pay the difference between that sum and $170.65, or $115.90. As defendant received all the money, he should pay to plaintiff one half of the total

proceeds of the timber and the $30, the value of plaintiff's individual timber, making in all $1,005.95. Adding the $115.90 which is due defendant by plaintiff on account of expenses, to the $600 paid plaintiff in cash, $2.25 for chain dogs, $38.60 for lumber sold by plaintiff, $45.86 due defendant for hauling cross-ties, and $15 due defendant for hauling 6,000 feet of lumber, we find that defendant is entitled to credits amounting to the sum of $817.61. Deducting this amount from $1,005.95, the total amount due plaintiff, we find a balance in favor of plaintiff of $188.34, or merely two cents less than the sum fixed by the chancellor. Exactly the same result will be obtained if we deduct the $30 from the total proceeds, of $1,981.91, and then equalize the expenses before distributing the fund. Thus the balance in the fund, after deducting the $30, is $1,951.91. Of the expenses the defendant paid $286.56, and the plaintiff $54.75; therefore, the defendant paid $231.81 more than plaintiff. It we deduct this sum from the $1,951.91, it will leave in defendant's hands this excess, and at the same time equalize the expenses by making each one pay $54.75. Deducting the $231.81 from $1,951.91, we have $1,720.10. Dividing this by two, we have $860.05. Adding the $30 due plaintiff, we have $890.05. The total amount of the credits to which defendant is entitled is $701.71. Deducting this amount from $890.05, we have $188.34.

Counsel for appellant have taken the same figures and found only $17.69 due plaintiff. The trouble with their calculation is that they first deducted all expenses from the total proceeds of the timber, thus leaving in defendant's hands not only the amount of the expenses which he paid, but the amount of expenses which plaintiff had paid. After leaving in defendant's hands $54.75 due plaintiff on account of expenses, they further charge plaintiff with one-half of the excess of expenses which defendant paid, or $115.90, thus causing plaintiff to pay much more than his share of the expenses, which, of course, is not proper.

Judgment affirmed.